**Bonnie HARBUCK, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 04–5013.**

United States Court of Appeals, Federal Circuit.

DECIDED: Aug. 10, 2004.

---

Bonnie Michelle Smith, of Bonaire, GA, argued for plaintiff-appellant.

William F. Ryan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General; and David M. Cohen, Director. Of counsel on the brief was Lieutenant Colonel Paula J. DeMuth, United States Department of the Air Force, Air Force Legal Services Agency, General Litigation Division, of Arlington, VA.

Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

Section 1500 of Title 28 of the United States Code denies the Court of Federal Claims jurisdiction over "any claims" with respect to which the plaintiff "has pending in any other court any suit . . . against the United States." The district court transferred one count of a complaint to the Court of Federal Claims. Under the transfer statute, 28 U.S.C. § 1631 (2000), the claims in the Court of Federal Claims are deemed to have been filed on the same date as the plaintiff filed her district court suit. The Court of Federal Claims dismissed the suit before it for lack of jurisdiction under § 1500 because the remaining claim in the district court suit was the "same claim" as that before it. We affirm.

I

In February 2001 the appellant Bonnie Harbuck filed suit in the United States District Court for the Middle District of Georgia against the Secretary of the Air Force alleging sex discrimination in her employment with the Air Force. The first amended complaint contained three counts. Count I alleged that, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, 2000e–1 to 2000e–17, the Air Force had "discriminated against Plaintiff on the basis of her sex" by, among other things, "[p]aying male employees who perform work that is substantially comparable to Plaintiffs [sic] at a higher level than Plaintiff;" "[f]ailing to advance Plaintiff to the WG–12 or GS–11 level as it did with her male counterparts;" "[i]mpeding Plaintiff's career advancement by giving her lower performance appraisals than it gave her male coworkers, withholding accolades she had earned, failing to properly evaluate her experience and accomplishments, following a practice of favoring male employees over female employees for promotion; and threatening and intimidating Plaintiff." First Am. Compl. ¶ 50. Count II charged that the Air Force had willfully violated the Equal Pay Act of 1963, 29 U.S.C. § 206(d), "[b]y paying male employees at a higher rate for work which requires equal skill, effort, and responsibility and which is performed under similar working conditions to that performed by Plaintiff." First Am. Compl. ¶ 52. Count III charged violation of the Privacy Act of 1974, 5 U.S.C. § 552a.

The complaint sought declaratory, injunctive and monetary relief. It sought a declaration that "Defendant has discriminated against Plaintiff on the basis of her sex in violation of Title VII of the Civil

Rights Act of 1964, by affording males and younger persons opportunities for advancement not afforded to her, by paying males [sic] employees at a higher rate more than her [sic] based on her sex, by following a pattern of favoring male employees over female employees for career advancement opportunities and by making adverse and derogatory statements based on Plaintiff's sex," and that "the Defendant has willfully violated the Equal Pay Act by paying Plaintiff less than it paid her male counterparts for work which requires equal skill, effort, and responsibility and which is performed under similar working conditions." The injunctive relief sought included reclassifying Harbuck to a higher grade. The first item of damages sought was "back wages in the amount of the difference between what she actually earned and what she would have earned at the GS–12 level from January 1990 until she is restored to her proper and correct grade."

Approximately a year later Harbuck, represented by new counsel, moved to transfer the Equal Pay Act Count (Count II) to the Court of Federal Claims. The district court granted the motion. It held that because Harbuck was seeking damages of more than $10,000 in that count, it had no jurisdiction over it and that "it is in the interest of justice" to transfer it to the Court of Federal Claims, which would have jurisdiction over "Petitioner's EPA claim as pleaded." Order of Aug. 5, 2002.

Following the transfer of Count II, Harbuck filed in the Court of Federal Claims a complaint under the Equal Pay Act. The complaint reiterated the allegations in Count II of the district court complaint. It alleged that the Air Force violated the Equal Pay Act "[b]y paying male employees, specifically Jerry Walker[,] a GS–11, at a higher rate for work which requires equal skill, effort, and responsibility and which is performed under similar working

conditions to that performed by Plaintiff." Compl. ¶ 42. The relief requested included a declaration that "Defendant has willfully violated and retaliated against the Plaintiff in violation of the Equal Pay Act by paying Plaintiff less than it paid her male counterpart, specifically the duties she assumed from male employee, Jerry Walker, GS–11, for work which requires equal skill, effort, and responsibility and which is performed under similar working conditions," the reclassification of Harbuck to a higher grade, and "back wages in the amount of the difference between what she actually earned and what she would have earned at the GS–12 level from January 1990 until she is restored to her proper and correct grade." Id.

Some months later the district court dismissed the remainder of Harbuck's complaint.

On the government's motion, the Court of Federal Claims then dismissed the complaint for lack of jurisdiction. *Harbuck v. United States,* 58 Fed.Cl. 266 (2003). The court held that Harbuck's claim before it was the "same claim" as her claim in the district court and that § 1500 therefore precluded the Court of Federal Claims from considering her suit. *Id.* at 269–70.

## II

A. Section 1500 of Title 28 provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

■ This is an old statute whose ancestry goes back to the aftermath of the Civil War. *See Keene Corp. v. United States,* 508 U.S. 200, 206–07, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). Its purpose was to "force plaintiffs to choose between pursuing their claims in the Court of Claims or in another court" and to prevent the United States from having to litigate and defend against the same claim in both courts. *UNR Indus. v. United States,* 962 F.2d 1013, 1018, 1021 (Fed.Cir.1992) (in banc). "The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed, not the time at which the Government moves to dismiss the action." *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1548 (Fed.Cir.1994) (in banc). Thus, the district court's dismissal of the remaining counts, after it had transferred Count II to the Court of Federal Claims, was irrelevant to the validity under § 1500 of the latter court's subsequent dismissal of that count.

■ The statute pursuant to which the district court transferred Count II of the complaint to the Court of Federal Claims was 28 U.S.C. § 1631, which provides that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." That provision further provides that following such transfer, "the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred." *Id.* This statute permits the transfer not only of the entire case but of separate claims in the action. *United States v. County of Cook, Ill.,* 170 F.3d 1084, 1087–89 (Fed.Cir.1999). Thus, under § 1631, Harbuck's Equal Pay Act claim was deemed filed in the Court of Federal Claims on the same day on which she originally filed that claim as one of the three counts of her district court complaint.

■ "[T]he 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." *Id.* at 1091. The critical issue in the case, therefore, is whether Harbuck's Equal Pay Act claim in the Court of Federal Claims was the "same claim" as her Title VII claim in the district court. "Deciding if the claims are the same or distinctly different requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Loveladies Harbor, Inc.,* 27 F.3d at 1549 (internal quotation marks omitted).

■ B. "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." *Id.* at 1551. We agree with the Court of Federal Claims that both of those requirements are met here.

Harbuck's Federal Claims Equal Pay Act claim and her district court Title VII claim both arose out of the same operative facts: the Air Force's alleged sexual discrimination by payment of lesser compensation to women than to men for the same or substantially equal work. As noted, her Equal Pay Act claim alleged that the Air Force had violated that Act "[b]y paying male employees, specifically Jerry Walker[,] a GS–11, at a higher rate for work which requires equal skill, effort, and responsibility and which is performed under similar working conditions to that performed by Plaintiff" and "by paying Plaintiff less than it paid her male counterpart, specifically the duties she assumed from

male employee, Jerry Walker, GS–11, for work which requires equal skill, effort, and responsibility and which is performed under similar working conditions." Her district court Title VII claim alleged that the Air Force had "discriminated against Plaintiff on the basis of her sex ... by," among other things, "[p]aying male employees who perform work that is substantially comparable to Plaintiffs [sic] at a higher level than Plaintiff," "[f]ailing to advance Plaintiff to the WG–12 or GS–11 level as it did with her male counterparts," and "following a practice of favoring male employees over female employees for promotion."

■■■ Harbuck argues, however, that the two suits involved different claims because the Title VII complaint "centered on" her non-selection for promotion, and the Equal Employment Act claim "centered around" her "assuming the position of a male employee ... and not receiving the same pay." Appellant's Br. at 6. "Deciding if the claims are the same or distinctly different requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Loveladies Harbor, Inc.,* 27 F.3d at 1549 (internal quotation marks omitted). "[I]t is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief—money damages—is sought." *Id.* "Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1567 (Fed.Cir.1988). The difference between the two theories upon which she relies are but different manifestations of the same underlying claim that the Air Force discriminated against women by paying them less than men.

Both claims also "seek the same relief": money damages. The Equal Pay Act complaint sought, in addition to other formulations of damages, "back wages in the amount of the difference between what she actually earned and what she would have earned at the GS–12 level from January 1990 until she is restored to her proper and correct grade." This is identical to one of the prayers for relief in the first amended district court complaint. No more is required to trigger the second bar under § 1500.

The inclusion of other and different requested relief in the two complaints does not avoid the application of that provision. *Keene Corp.,* 508 U.S. at 212, 113 S.Ct. 2035 (holding that § 1500 applies if "there [is] some overlap in the relief requested"). As long as the same relief is sought in both cases—here money damages—the second prong of the § 1500 requirement that the "same relief" be involved in both cases is satisfied. *Cf. Johns–Manville,* 855 F.2d at 1566 (distinguishing the situation before it, where "the relief sought from both courts is money, but under different theories," from one in which "a different type of relief is sought in the district court (equitable) from that sought in the Court of Claims (money)"); *Loveladies Harbor, Inc.,* 27 F.3d at 1551, 1556 (holding § 1500 inapplicable because the Court of Federal Claims complaint sought only money damages and the district court complaint sought only equitable relief).

■ C. Finally, Harbuck contends that a "manifest injustice" would result if she were not able to pursue her Federal Claims Court case. She seeks succor from the district court's ruling that transfer of her Equal Pay Act claim would be "in the interest of justice" and suggests that it also would be in such interest to allow her Court of Federal Claims case to continue. The "interest of justice" element under § 1631, however, relates solely to the transfer of a case. It does not affect or

inform the Court of Federal Claim's determination whether § 1500 ousts it of jurisdiction because the "same claim" is pending in another court.

Harbuck's problem is largely of her own making. As she recognizes, she could and should initially have filed her Equal Pay Act case in the Court of Federal Claims. She states that it was her "former counsel" who "did not file the Equal Pay Act Claim in the proper forum." Appellant's Br. at 10. Indeed, in her brief she refers several times to her former counsel's mistakes. Unfortunately for her, however, she is bound by the actions of her former counsel. *See Link v. Wabash R.R.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (Under "our system of representative litigation ... each party is deemed bound by the acts of his lawyer-agent.").

In any event, we would have no authority to create an "unfairness" exception to the unequivocal language of § 1500. Any change in the scope of or exception to that statute is for Congress, and not this court, to make. Our obligation and responsibility is to apply the statute Congress has written. As the Supreme Court stated in *Keene Corp.*, in rejecting the similar argument that "§ 1500 operates in some circumstances to deprive plaintiffs of an opportunity to assert rights that Congress has generally made available to them,"

> the "proper theater" for such arguments, as we told another disappointed claimant many years ago, "is the halls of Congress, for that branch of the government has limited the jurisdiction of the Court of Claims." We enjoy no "liberty to add an exception ... to remove apparent hardship," and therefore enforce the statute.

508 U.S. at 217–18, 113 S.Ct. 2035 (citations and footnote omitted).

## CONCLUSION

The judgment of the Court of Federal Claims dismissing Harbuck's complaint for lack of jurisdiction is

*AFFIRMED.*