**Bobbie G. DE LEON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 05–606C.

United States Court of Federal Claims.

Dec. 16, 2005.

Camilla C. McKinney, Washington, DC, for plaintiff.

Dawn S. Conrad, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. Dale S. Birdoff, Naval Seal Systems Command, Washington, DC, of counsel.

## ORDER OF DISMISSAL

FIRESTONE, Judge.

This case comes before the court on a motion by the defendant, the United States ("government" or "United States"), to dismiss the complaint of the plaintiff, Bobbie De Leon ("plaintiff"), for lack of jurisdiction subject to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Ms. De Leon originally filed this case in the U.S. District Court for the District of Columbia on March 13, 2002. In her 2002 complaint, Ms. De Leon charged that the United States Navy's ("Navy") failure to pay her at the same GS-grade as her male predecessor violated the Equal Pay Act, 29 U.S.C. § 206(d) (2000), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (2000) ("Title VII"). On February 25, 2003, the U.S. District Court for the District of Columbia granted the government's motion to transfer Ms. De Leon's Equal Pay Act claim to this court. The U.S. District Court for the District of Columbia also transferred Ms. De Leon's Title VII claims to the U.S. District Court for the Eastern District of Virginia on September 10, 2003. The Title VII claims were ultimately resolved against Ms. De Leon on April 2, 2004. For unknown reasons, the Equal Pay Act claim was not formally transferred to this court until May 2005. On July 5, 2005, Ms. De Leon filed an amended complaint in this court based on the same facts that appeared in her original 2002 complaint.

The government has moved to dismiss the pending case for lack of jurisdiction. The government argues that this court does not have jurisdiction pursuant to 28 U.S.C. § 1500 (2000). The government argues, in the alternative, that Ms. De Leon's complaint is barred by the doctrine of res judicata. For the reasons set forth below, the court finds that it does not have jurisdiction and therefore the case must be dismissed.

## STATEMENT OF FACTS

For purposes of this motion, the following facts taken from the plaintiff's March 13, 2002 complaint are deemed true. Ms. De Leon alleged that she is an African–American female who is a former employee of the Navy. She alleged that in March 1998 she was assigned the duties of program manager of the General Purpose Electronic Test Equipment program with the Naval Sea Systems Command. She alleged that from March 1998 until November 2000 she was paid at the GS–13 grade level. She further alleged that her male predecessor performed the same duties she performed as program manager, but that he was paid at the GS–14 grade level. Based on these allegations, Ms. De Leon charged that the Navy had violated the Equal Pay Act by refusing to pay her the same wage as the Navy paid to a male employee performing the same job. She also alleged that these same facts demonstrated that she had been discriminated against in violation of Title VII. In her 2002 complaint, Ms. De Leon sought declaratory relief, injunctive relief, and monetary relief, including back pay and benefits.

The government moved to dismiss the complaint or to transfer the claims to courts with jurisdiction. As noted above, on February 25, 2003, in response to the government's motion, the U.S. District Court for the District of Columbia ordered that Ms. De Leon's Title VII claims be transferred to the U.S. District Court for the Eastern District of Virginia and that her Equal Pay Act claim be

transferred to the U.S. Court of Federal Claims.

Regarding Ms. De Leon's Title VII claims, on September 10, 2003 these claims were transferred to the U.S. District Court for the Eastern District of Virginia, and the United States moved for summary judgment on March 3, 2004. In an order dated April 2, 2004, Judge T.S. Ellis III granted the United States' motion for summary judgment on Ms. De Leon's Title VII claims. Thereafter, on May 5, 2004, Ms. De Leon appealed this judgment to the United States Court of Appeals for the Fourth Circuit. On September 1, 2004, the Fourth Circuit dismissed Ms. De Leon's appeal for failure to prosecute.

Regarding Ms. De Leon's Equal Pay Act claim, for reasons unknown to the parties, this claim was not formally transferred to this court until May 11, 2005, over two years after the district court had ordered the transfer. After her case was transferred, Ms. De Leon filed an amended complaint on July 5, 2005, in which she elaborated on the facts supporting her Equal Pay Act claim.

On September 12, 2005, the government moved to dismiss Ms. De Leon's present action on the grounds that this court lacks jurisdiction because the plaintiff's claim was also pending in the U.S. District Court for the Eastern District of Virginia. The government argues that under the jurisdictional provision in 28 U.S.C. § 1500, this court lacks jurisdiction over any claim against the United States that is "pending" in another court. The government argues that under the transfer statute, 28 U.S.C. § 1631, this court must treat the case before this court and the case before the U.S. District Court for the Eastern District of Virginia as having been filed at the time that the original complaint was filed. The government also argues that the Equal Pay Act case and the Title VII case are, in fact, the same claims because they are based on the same operative facts and seek the same relief. Thus, the government argues that the claim against the government in this court was also "pending" in the U.S. District Court for the Eastern District of Virginia.

The government argues, in the alternative, that should this court find that it has juris-

diction, the plaintiff's action is barred under the doctrine of res judicata. The government contends that resolution of the Title VII claims by the U.S. District Court for the Eastern District of Virginia bar the plaintiff from litigating her Equal Pay Act claim in this court.

The plaintiff argues, in response, that 28 U.S.C. § 1500 does not bar this court from taking jurisdiction over her case and that the government has misread the precedent interpreting 28 U.S.C. §§ 1500 and 1631. The plaintiff further argues that the doctrine of res judicata does not bar her Equal Pay Act claim.

The court has determined that oral argument is not necessary to resolve the legal issues presented in the government's motion to dismiss.

## DISCUSSION

### I. Standard of Review

In deciding an RCFC 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this court will assume that the facts alleged in the complaint are true. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Ultimately, however, the plaintiff bears the burden of establishing jurisdiction. *Alder Terrace, Inc. v. United States,* 161 F.3d 1372, 1377 (Fed.Cir.1998). If the undisputed facts reveal a basis upon which the plaintiff may establish jurisdiction the motion will be denied. *W.R. Cooper Gen. Contractor, Inc. v. United States,* 843 F.2d 1362, 1364 (Fed.Cir.1988).

### II. Jurisdiction

The principal statute governing the jurisdiction of the U.S. Court of Federal Claims is the Tucker Act, 28 U.S.C. § 1491 (2000), which provides that the "Court of Federal Claims shall have jurisdiction to render judgment on any claim against the United States founded either upon the Constitution, or any Act of Congress ...." 28 U.S.C. § 1491(a)(1).

The subject matter jurisdiction of this court is narrowed, however, by 28 U.S.C. § 1500. Section 1500 creates an exception to

the general Tucker Act jurisdiction by precluding this court from hearing claims against the United States that are "pending" in other courts. 28 U.S.C. § 1500, states, in pertinent part: "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . ."

In determining whether § 1500 bars this court's jurisdiction over a claim, the court has a two-prong inquiry to determine the following: (1) whether a claim in this court is pending at the same time as a claim in another court, and (2) whether the claims are essentially the "same claims" because the claims arise out of the same operative facts and seek the same relief. *Harbuck v. United States,* 378 F.3d 1324, 1328–29 (Fed.Cir. 2004). Each will be examined in turn.

**A. Pursuant to 28 U.S.C. § 1631, Plaintiff's Title VII Case in the District Court and Her Equal Pay Act Case in This Court Were Pending at the Same Time.**

The government argues that under the jurisdictional provision in 28 U.S.C. § 1500, this court lacks jurisdiction over any case against the United States that is also "pending" in another court. The government argues that under the transfer statute, 28 U.S.C. § 1631, this court must treat the case before this court and the case before the U.S. District Court for the Eastern District of Virginia as "pending" at the same time. 28 U.S.C. § 1631, states in pertinent part: "Whenever a civil action is filed in a court . . . and that court . . . transfers such action . . . the action shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in the court from which it was transferred."

Under 28 U.S.C. § 1631, the government argues, this court must treat both the case in this court and case in the U.S. District Court for the Eastern District of Virginia as having been filed on the same day—March 13, 2002—the day that Ms. De Leon filed her original complaint in the U.S. District Court

for the District of Columbia. Therefore, the government argues, the Equal Pay Act case in this court and the Title VII case in the U.S. District Court for the Eastern District of Virginia are deemed to have been pending at the same time.

The government also argues that the present case must be dismissed under the reasoning articulated by the Federal Circuit in *Harbuck,* 378 F.3d at 1328–29. In *Harbuck,* a case that was very similar to the present case, the Federal Circuit ruled that a plaintiff's Equal Pay Act claim that had been transferred to the U.S. Court of Federal Claims was barred under 28 U.S.C. § 1500. *Id.* at 1326. The Federal Circuit held that the plaintiff's Equal Pay Act claim was barred because the claim was deemed to have been simultaneously filed with her Title VII claims, which remained in the transferor federal district court. *Id.* In *Harbuck* the plaintiff had filed a complaint against the Air Force alleging, among other things, that the Air Force's failure to pay her the same amount as her male counterparts violated the Equal Pay Act and Title VII. *Id.* In the action, the plaintiff sought declaratory, injunctive, and monetary relief. *Id.* Approximately a year into the litigation, the plaintiff moved to transfer the Equal Pay Act claim, which by then exceeded $10,000, to the U.S. Court of Federal Claims. *Id.* at 1327. When the plaintiff filed her complaint in the U.S. Court of Federal Claims, she reiterated the allegations that were made in her initial district court suit. *Id.* In the complaint, she sought declaratory relief and monetary damages. *Id.* The Title VII claims, which remained in the district court, were later dismissed. *Id.*

After Harbuck's Title VII claims were dismissed by the district court and were no longer pending, the government moved to dismiss Harbuck's Equal Pay Act suit in the U.S. Court of Federal Claims. *Harbuck v. United States,* 58 Fed.Cl. 266, 267 (2003). The government based its motion to dismiss on the ground that Harbuck had the same claim pending before the Court of Federal Claims and the district court in contravention of 28 U.S.C. § 1500. *Id.* The government argued that the court must look at the date

of the initial complaint for purposes of determining whether the plaintiff has the same claim "pending" in the district court. *Id.* at 268. The court agreed with the government and dismissed the case. *Id.* at 270.

The U.S. Court of Federal Claims decision was affirmed on appeal. 378 F.3d at 1326. The Federal Circuit affirmed that, for § 1500 purposes, the date of the original filing of the complaint is controlling. *Id.* at 1328. Because Harbuck's Equal Pay Act claim had been included in her original complaint, Harbuck's case in the U.S. Court of Federal Claims was deemed filed on the same day as her Title VII case which remained in the district court, as provided for under § 1631. *Id.* The Federal Circuit, quoting *United States v. County of Cook, Ill.,* 170 F.3d 1084, 1091 (Fed.Cir.1999), stated: "The 'filing' of the same claim simultaneously in the district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." *Id.* Thus, the Federal Circuit concluded that, so long as the Equal Pay Act claim and the Title VII claim are the "same claim" under § 1500, the Equal Pay Act claim must be dismissed. *Id.* The Federal Circuit then held that Harbuck's claims were the same because the Equal Pay Act claim and the Title VII claim arose out of the same operative facts and sought similar monetary relief. *Id.* at 1328–29.

Ms. De Leon attempts to distinguish *Harbuck* from her case on two grounds. First, she argues that, in contrast to *Harbuck,* she did not volunteer to transfer her case to this court. She also argues that, in contrast to *Harbuck,* by the time her case was transferred to this court, none of her Title VII claims were pending in the U.S. District Court for the Eastern District of Virginia. Neither of these distinctions, however, make a difference in the outcome.

First, the fact that Ms. De Leon did not volunteer to transfer her case to this court is not relevant. The relevant question is whether this court has subject matter jurisdiction over Ms. De Leon's Equal Pay Act

claim. Ms. De Leon never questioned that her Equal Pay Act claim belongs in this court. Indeed, Ms. De Leon apparently agrees that the claim does belong in this court. On whose motion the case came to this court is irrelevant.

Second, the fact that the Title VII claims were resolved before Ms. De Leon's Equal Pay Act claim was transferred to this court is irrelevant for purposes of § 1500. *Harbuck* makes plain that the date the original complaint was filed governs the application of § 1500. In other words, the fact that the U.S. District Court for the District of Columbia failed to transfer the case to this court for two years is of no moment. The present case is deemed to have been filed as of March 13, 2002.[1] Ms. De Leon's contention that a different result is compelled by the Court of Claims' holding in *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966), is without merit. The United States Supreme Court in *Keene Corp. v. United States,* 508 U.S. 200, 217 n. 12, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), expressly overruled *Brown.* In *Keene* the Supreme Court affirmed the principle that for purposes of deciding subject matter jurisdiction under § 1500, the court must examine the facts at the time of the original filing of the complaint, not at the time of the ruling on a motion to dismiss. *Id.* at 207–208, 113 S.Ct. 2035. The Supreme Court referred to the "longstanding principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Id.* at 207, 113 S.Ct. 2035 (quotations omitted).

In view of the foregoing, Ms. De Leon's Equal Pay Act case in this court and her Title VII case in the U.S. District Court for the Eastern District of Virginia are deemed to have been filed simultaneously and were therefore "pending" at the same time for purposes of § 1500.

## B. Ms. De Leon Has Asserted Essentially the Same Claims in Both This Court and the District Court.

Under the second prong of § 1500, the court must determine whether the plain-

---

1. Indeed, if the case did not relate back to the date of the filing of the original complaint in the U.S. District Court for the District of Columbia, the plaintiff's claim would be also barred by the two-year statute of limitations under the Equal Pay Act. 29 U.S.C. § 255(a).

tiff is asserting the "same claims" in both this court and in the U.S. District Court for the Eastern District of Virginia. "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." *Harbuck*, 378 F.3d at 1328 (quoting *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed.Cir.1994)).

The government argues that the Equal Pay Act case and the Title VII case are, in fact, the same claims because they are based on the same operative facts and seek the same relief.

Ms. De Leon does not challenge the government's assertion that her Equal Pay Act claim and her Title VII claims arise from the same set of facts. Ms. De Leon does, however, challenge the government's assertion that she seeks the same relief in this court as she did in the district court. Ms. De Leon argues that she seeks different relief on the grounds that the relief she seeks in this court was not available in district court. Relying on *Loveladies Harbor*, 27 F.3d at 1553, Ms. De Leon argues that where the district court cannot grant the relief requested in the U.S. Court of Federal Claims, the actions do not seek the same relief.

Ms. De Leon's reliance on *Loveladies Harbor* is misplaced. In *Loveladies Harbor* the Federal Circuit held that § 1500 did not bar a plaintiff from pursuing a Fifth Amendment takings claim in the U.S. Court of Federal Claims while at the same time pursuing an action for equitable relief in the federal district court. 27 F.3d at 1547–48. The Federal Circuit reasoned that because the relief sought in both cases was different, i.e. damages versus equitable relief, both actions could be maintained. *Id.* at 1551. Here, however, Ms. De Leon's Equal Pay Act and Title VII cases both sought monetary relief. Thus, in contrast to *Loveladies Harbor*, the same type of relief was available in both actions. Indeed, in *Harbuck* the Federal Circuit expressly noted that although the Equal Pay Act and Title VII involve different legal theories, they both lead to money damages and therefore § 1500 requires dismissal of the action in this court. 378 F.3d at 1324.

Finally, Ms. De Leon's concern that if the action is dismissed she will be left without a forum for her Equal Pay Act claim is not legally relevant. If Ms. De Leon had wanted to bring the Title VII and the Equal Pay Act claims, she could have filed her Equal Pay Act claim first in the U.S. Court of Federal Claims and afterward filed her Title VII claims in the district court. *See Hardwick Bros. Co. II v. United States*, 72 F.3d 883, 886 (Fed.Cir.1995) (holding that under § 1500 a later-filed district court action does not divest the U.S. Court of Federal Claims of jurisdiction). In addition, Ms. De Leon could have elected to limit her Equal Pay Act claim to under $10,000, allowing the district court to hear her claim under the Little Tucker Act. 28 U.S.C. § 1346(a)(2) (2000). This court, however, lacks jurisdiction and therefore is powerless to hear her claim.

### CONCLUSION

For all of these reasons, the government's motion to dismiss is **GRANTED**. The Clerk of Court is directed to enter an appropriate judgment of dismissal. Each party shall bear its own costs.

**IT IS SO ORDERED**