**Debra J A FIEBELKORN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–18 C.

United States Court of Federal Claims.

May 8, 2007.

Debra J A Fiebelkorn, Watertown, SD, pro se.

David Hibey, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

### ORDER

HEWITT, Judge.

The court has before it Defendant's Motion For Summary Dismissal of Pro Se Complaint (Motion or Def.'s Mot.), submitted to the court on March 14, 2007, and deemed filed on March 23, 2007. Order of Mar. 23, 2007. Defendant moves the court pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (Rules or RCFC) to "dismiss plaintiff's *pro se* complaint on the grounds that plaintiff, Debra J A Fiebelkorn, fails to allege a claim within this Court's limited jurisdiction." Def.'s Mot. 1. Plaintiff had up to and including April 23, 2007, to respond to defendant's Motion but did not do so. On March 28, 2007, the court directed the parties to submit a copy of a complaint referred to in defendant's Motion filed by plaintiff in the United States District Court for the District of South Dakota. Order of Mar. 28, 2007. Defendant complied by submitting a Response to Order of March 28, 2007 (Response or Resp.).

Plaintiff also submitted a response on April 10, 2007, which contained a copy of the complaint identical to the copy supplied by defendant, except for certain handwritten no-

tations concerning matters irrelevant to the issue before the court. Those notations and certain matters contained in other filings of plaintiff contain information of a protectable nature, which the court, sua sponte, has in the exercise of its discretion, directed the Clerk of the Court to place under seal. Order of May 1, 2007; . Order of Apr. 27, 2007.

## I. Plaintiff's Complaint

Ms. Fiebelkorn alleges that the State of South Dakota terminated her employment at the Department of Corrections, South Dakota State Penitentiary, on May 27, 2005, because of her disabilities. Complaint of Jan. 11, 2007 (Complaint or Compl.) 2. She claims that "I truly believe I have a case of discrimination. I believe the State of South Dakota has never regarded my disabilities, therefore, not honoring State EOC [sic] and Federal [American with Disabilities Act (ADA) ], Civil Rights, etc.[ ] and my Constitutional Rights were taken away." *Id.* at 1. For relief, plaintiff is "asking for [her] disability payments, retroactive and then full retirement as a Registered Nurse, with full benefits for life. For [her] son, Ed, full insurances for life. Money in the amount of $1,000,000. Payment in full, now for all [her] expenses, that will incur the rest of [her] life." *Id.* at 3.

## II. Standard of Review

Rule 12(b)(1) governs the dismissal of a claim for lack of subject matter jurisdiction. "The requirement that jurisdiction be established as a threshold matter ... is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). The court is generally "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor" when ruling on a Rule 12(b)(1) motion to dismiss. *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995) (citing, inter alia, *Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). If factual allegations in plaintiff's complaint that support jurisdiction are controverted, plaintiff bears the burden of showing by a preponderance of the evidence that the court has jurisdiction to hear the claim. *Toxgon Corp. v. BNFL, Inc.,* 312 F.3d 1379, 1383 (Fed.Cir.2002) (citing *Harris v. Provident Life & Accident Ins. Co.,* 26 F.3d 930, 932 (9th Cir.1994)); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction was put in question it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

As a *pro se* plaintiff, Ms. Fiebelkorn is not held to the rigid standards or formalities imposed upon parties represented by counsel. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Nevertheless, *pro se* plaintiffs must "comply with the applicable rules of procedural and substantive law." *Walsh v. United States,* 3 Cl.Ct. 539, 541 (1983) (citing *Faretta v. California,* 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). "[A] court may not similarly take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec., United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987); *see Demes v. United States,* 52 Fed.Cl. 365, 368 (2002) (holding that "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements").

## III. Discussion

■ Like all federal courts, the United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act confers the following jurisdiction:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2004). As defendant correctly points out, "Even giving considerable deference due to Ms. Fiebelkorn's *pro se* status, the [C]omplaint plainly does not artic-

ulate a claim within the [c]ourt's jurisdiction." Def.'s Mot. 3.

In her Complaint, Ms. Fiebelkorn does not "allege the existence of a contract between her and any agency of the United States Government." *Id.;* Compl. *passim.* The court infers from Ms. Fiebelkorn's statements—that "the State of South Dakota has never regarded my disabilities," Compl. 1, and that the State of South Dakota terminated her employment, *id.* at 2—that Ms. Fiebelkorn alleges a contractual relationship between herself and the State of South Dakota that was breached by the State of South Dakota. Ms. Fiebelkorn implicitly acknowledges this but alleges that "South Dakota represents Our Nation and Our Nation must hold accountable this State of South Dakota, unto itself and it's people." Compl. 3.

The United States does not have plenary authority through this court to "hold accountable this State of South Dakota." Compl. 3. The Tucker Act limits the jurisdiction of the Court of Federal Claims to claims against the United States. 28 U.S.C. § 1491(a)(1); *United States v. Sherwood,* 312 U.S. 584, 588, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("[I]t has been uniformly held … that [the Court of Claims' and its successors'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)). Although there are limited circumstances where certain federal courts may hold states accountable by hearing specific claims against states, *Fed. Mar. Comm'n v. S.C. State Ports Auth. (FMC),* 535 U.S. 743, 752, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002) ("States, in ratifying the Constitution, did surrender a portion of their inherent immunity by consenting to suits brought by sister States or by the Federal Government."); *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.,* 458 F.3d 1335, 1341 (Fed.Cir.2006) ("[I]mmunity from suit is a 'privilege' that is waived when a state voluntarily submits to the jurisdiction of a federal court.") (citing *Clark v. Barnard,* 108 U.S. 436, 447, 2 S.Ct. 878, 27 L.Ed. 780 (1883)), the Court of Federal Claims is not a forum

for such claims, 28 U.S.C. § 1491(a)(1); *Sherwood,* 312 U.S. at 588, 61 S.Ct. 767. Insofar as Ms. Fiebelkorn's Complaint can be construed to include claims against any party other than the United States, it must be dismissed as to those claims.

The portion of Ms. Fiebelkorn's Complaint in which she names the United States as defendant also falls outside of this court's jurisdiction. Ms. Fiebelkorn's claim against the United States casts the United States as a party having legal responsibility for alleged wrongdoing by the State of South Dakota. Ms. Fiebelkorn's claim appears to rest on a theory that the United States can be vicariously liable for a state's actions. *See* Compl. 3. "Vicarious liability" is defined as "[l]iability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties." *Black's Law Dictionary* 934 (8th ed.2004). This relationship between the parties is characterized by the supervising party's right of control of its associate and the associate's authority to act on the supervising party's behalf on the matters that gave rise to liability. *Meyer v. Holley,* 537 U.S. 280, 285–86, 123 S.Ct. 824, 154 L.Ed.2d 753 (2003); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1273 (Fed. Cir.2004) (holding that, in the context of patent infringement, "[i]n order to prove vicarious liability for indirect infringement, a plaintiff who demonstrates direct infringement must also establish that the defendant possessed the requisite knowledge or intent to be held vicariously liable" (citations omitted)); *Unitherm Food Sys. v. Swift–Eckrich, Inc.,* 375 F.3d 1341, 1359 (Fed.Cir.2004) (discussing that "[a] principal is subject to liability for loss caused … [by the actions] of a servant or agent, if the [action] is: (a) authorized; (b) apparently authorized; or (c) within the power of the agent to make for the principal" (alteration in original) (quoting Restatement (Second) of Agency § 257 (1958))), *rev'd on other grounds,* 546 U.S. 394, 126 S.Ct. 980, 163 L.Ed.2d 974 (2006); *Brownlee v. DynCorp,* 349 F.3d 1343, 1353 (Fed.Cir. 2003) ("In order for the corporation to be liable for a crime involving a mental element,

it is necessary to prove that the agent acted within the scope of his or her actual or apparent authority....”). Plaintiff simply provides no factual allegations or legal argument to support the view that the State of South Dakota acts as an agent of the United States; the United States and the State of South Dakota are distinct sovereigns, each with its own authority to act, with exceptions that are not applicable here. *See FMC*, 535 U.S. at 751, 122 S.Ct. 1864 (“Dual sovereignty is a defining feature of our Nation's constitutional blueprint. States, upon ratification of the Constitution, did not consent to become mere appendages of the Federal Government.” (citation omitted)).

Even if the court had jurisdiction to hear suits against states or against the United States as a representative of other states, the subject matter of the suit falls outside the scope of the court's jurisdiction. As defendant correctly argues, “Ms. Fiebelkorn's complaint alleges ... a vague civil rights claim.” Def.'s Mot. 4. However, “[i]t is well settled that [the Court of Federal Claims] does not have jurisdiction over civil rights claims.” *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir.1998), *cert. denied*, 525 U.S. 1032, 119 S.Ct. 574, 142 L.Ed.2d 478 (1998), *reh'g denied*, 525 U.S. 1173, 119 S.Ct. 1102, 143 L.Ed.2d 101 (1999). Furthermore, defendant correctly states that “Ms. Fiebelkorn's complaint also fails to allege any other money-mandating statute or regulation that would endow this Court with jurisdiction to consider her complaint.” Def.'s Mot. 4; Compl. *passim; cf.* the Contract Disputes Act, 41 U.S.C. §§ 601–13; the Equal Pay Act, 29 U.S.C. § 206(d); the Federal Employment Pay Act, 5 U.S.C. § 5542; the Fair Labor Standards Act, 29 U.S.C. §§ 201–19.

Lastly, defendant points out that Ms. Fiebelkorn “has an active lawsuit pending in the United States District Court, District of South Dakota, Southern Division (*Debra J A Fiebelkorn v. South Dakota Department of Health*, Civ. No. 06–4140).” Def.'s Mot. 4–5 (citing Compl. 1). In its Response to the

court's Order, defendant submitted a copy of the complaint in that case. Plaintiff is claiming disability discrimination in her employment pursuant to the South Dakota Human Relations Act of 1972, S.D. Codified Laws § 20–13. Resp. Ex. A. In handwritten entries apparently made by or on behalf of plaintiff to complete a prepared claim form, that complaint claims that plaintiff was denied “[r]easonable accommodation” through a transfer or relocation on April 12, 2005, terminated by letter on May 27, 2005, and “treated differently in terms/conditions of employment” from August 31, 2005(sic),[1] to May 25, 2005, by being disciplined and harassed. *Id.* at Ex. A (capitalized in original). In the section of the form where the employer who allegedly discriminated against plaintiff is identified, appears “South Dakota Department of Health.” *Id.* In the section titled “settlement information,” plaintiff claims that “the least [she] would be willing to accept” as a remedy in a settlement offer would be “70% [r]etirement immediately,” “insurance for the rest of my life,” “back pay,” and “$800,000.000.” *Id.*

[2] The court's jurisdiction is defeated if there is already pending in another court a substantially similar action by the same plaintiff:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500; Compl. 1. For a claim to be barred under this statute, “the claim pending in another court must arise from the same operative facts, and must seek the same relief.” *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed.Cir.2004) (citation omitted). To arise out of the same operative facts does not necessarily mean that the legal theories of both claims are the same. *Id.* at

---

**1.** The court assumes that the form contains a mistake as to the year of the alleged initiation of

the initial discrimination.

1329. By extension, "[t]he inclusion of other and different requested relief in the two complaints does not avoid the application of [28 U.S.C. § 1500]." *Id.* So long as the same kind of relief is sought in both cases, the second prong of § 1500 is satisfied. *Id.*

The slight differences between the Complaint in this case and the complaint in the District of South Dakota do not negate the fact that both of Ms. Fiebelkorn's claims are substantially the same. In both cases, Ms. Fiebelkorn seeks money damages: back pay, insurance costs, retirement benefits, and between $800,000 and $1,000,000 for unspecified damages. *Compare* Compl. 3 *with* Resp. Ex. A. In both cases, plaintiff's claims arose from alleged employment discrimination that started with harassment and ended with her termination because of her disability. *Compare* Compl. 1–2 *with* Resp. Ex. A. There is a slight discrepancy between the complaints in that she alleges her employer to be the Department of Corrections in her Complaint before this court, Compl. 2, but the Department of Health in her complaint before the District of South Dakota, Resp. Ex. A. The court interprets this discrepancy to reflect uncertainty on the part of the plaintiff as to whether in governmental bureaucracy a nurse working in a state prison fell under the Department of Corrections or the Department of Health. In either case, her employer was the State of South Dakota. Plaintiff refers to the pending District of South Dakota case in her Complaint before this court, relating her failed attempts to procure a lawyer, in a narrative that indicates that the claim before this court is part of her continuing efforts to seek relief for the wrong allegedly done to her. *See* Compl. 1. The court finds that the claim pending in the District of South Dakota and plaintiff's claim in this court arose from the same operative facts and that plaintiff is seeking the same relief. *Harbuck,* 378 F.3d at 1328. The court does not possess the jurisdiction to consider plaintiff's claims. 28 U.S.C. § 1500; *Harbuck,* 378 F.3d at 1328; *see also* Def.'s Mot. 4–5.

## IV. Conclusion

For the foregoing reasons, defendant's Motion is GRANTED and the Clerk of the Court shall enter JUDGMENT dismissing plaintiff's claim.

IT IS SO ORDERED.