MOORE, Circuit Judge,
dissenting.
In Keene v. United States, the Supreme Court held that § 1500 deprives the Court of Federal Claims of jurisdiction when “plaintiffs other suit was based on substantially the same operative facts ... at least if there was some overlap in the relief requested. ... Congress did not intend the statute to be rendered useless by a narrow concept of identity.” 508 U.S. 200, 212-13, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993) (emphasis added).[1] Because I conclude that the Tohono O’Odham Nation’s (Nation) suits were based on substantially the same operative facts and that the two complaints included some overlap in the relief requested, I respectfully dissent.
I.
The two complaints were based on substantially the same operative facts. The Nation acknowledges that “[i]n each case it is the trust relationship between the United States as trustee and the Nation as beneficiary that underlies the Nation’s claims” and that “the Nation’s claims involve the same plaintiff, the same defendant, and perhaps even some of the same property.” Further, as the Court of Federal Claims illustrated in great detail, the complaints’ recitations of the facts are nearly identical. The Nation argues that because the district court action is based on the duty of accounting and the Court of Federal Claims action is based on the duty of good management, the facts necessary to win its case on each cause of action are different.
The legal theories underlying the claims at issue are irrelevant in a § 1500 analysis. Johns-Manville Corp. v. United States, 855 F.2d 1556, 1564 (Fed.Cir.1988) (“Since the legal theory is not relevant, neither are the elements of proof necessary to present a prima facie case under that theory.”). Although we have not set forth a full and complete definition for the term “operative facts,”[2] it is clear that the operative facts *1294 are not the “elements of proof necessary” to prove the theory. See Harbuck v. United States, 378 F.3d 1324 (Fed.Cir.2004). In Harbuck, the district court complaint alleged sex discrimination in the plaintiffs employment with the Air Force and the Court of Federal Claims complaint alleged a violation of the Equal Pay Act. We held that the operative facts were the same in both complaints and characterized them as follows: “the Air Force’s alleged sexual discrimination by payment of lesser compensation to women than to men for the same or substantially equal work.” Id. at 1328. To be sure, different facts are needed to prove a claim under Title YII (failing to promote) and a claim under the Equal Pay Act (paying less). Nevertheless, we held that “[t]he difference between the two theories upon which she relies are but different manifestations of the same underlying claim that the Air Force discriminated against women by paying them less than men.” Id. at 1329. Similarly, although the Nation puts forth two different legal theories, the operative facts underlying these theories are “substantially the same.” Keene, 508 U.S. at 212, 113 S.Ct. 2035. The majority does not hold otherwise.
II.
The two complaints included “some overlap in the relief requested.”[3] Keene, 508 U.S. at 212, 113 S.Ct. 2035. In both courts, the Nation is asking for monetary compensation for the government’s alleged failures to fulfill its duties.[4] The Nation admits this, but argues that it is seeking different money in each court: “old money” from the district court and “new money” from the Court of Federal Claims. The “old money,” the Nation argues, would effect a “restatement of the Nation’s trust fund account balances in conformity with [the] accounting.” Appellant Br. at 50. The “old money” is therefore the result of a breach in fiduciary duty related to the actual transactions that took place— *1295 errors that would be revealed by an accounting. The “new money,” in contrast, is “to compensate it for the pecuniary losses it suffered as a result of the government’s imprudent management and investment actions.” Appellant Reply Br. at 21; Appellant Br. at 51-52 (explaining that the Nation seeks “pecuniary losses suffered as a result of the government’s failure prudently to manage and invest trust assets”).
It seems plausible that carefully drafted complaints could distinguish particular pots of money as different relief, but these complaints nowhere discuss this concept. For purposes of § 1500, we look at the relief requested in the complaint. Keene, 508 U.S. at 212, 113 S.Ct. 2035; Dico v. United States, 48 F.3d 1199, 1203 (Fed.Cir.1995). In Dico, the plaintiff attempted to overcome the plain language of its two complaints and distinguish a takings claim and a due process claim by arguing that they related to different property interests. We disagreed, holding that it was “too late for Dico to attempt at this stage to recast ... the relief sought by” the two counts. Id. Rather, “the plain language” of the complaint controls the outcome. Id. Here, the plain language of the complaints repudiates the Nation’s argument.
The complaint in the Court of Federal Claims is not limited to “new money” as the Nation argues now. The complaint clearly alleges fiduciary breaches related to “old money:”
• Count 1 states: “The United States, as trustee, has never provided the Nation a complete and accurate accounting of the revenue the United States collected or was required to collect under mineral leases and permits. Nor has it provided the Nation complete records of such leases and permits it is required to maintain as trustee.”
• Count 2 states: “The United States, as trustee, has never provided the Nation a complete and accurate accounting of the revenue the United States collected or was required to collect, in granting easements and rights of way and leasing tribal properties. Nor has it provided the Nation complete records of such transactions which it is required to maintain as trustee.”
• Count 3 states: “At no time has the United States provided the Nation a complete and accurate accounting of judgment funds held in trust for its benefit.”
In the prayer for relief in the Court of Federal Claims complaint, the Nation asks for monetary damages in this way: “For a determination that the Defendant is liable to the Nation in damages for injuries and losses caused as a result of Defendant’s breaches of fiduciary duty.” Court of Federal Claims Complaint, Prayer for Relief ¶ 1. Given that the counts clearly allege breaches of fiduciary duty related to the “old money” and the prayer for relief broadly asks for money for breaches of the fiduciary duty, the Nation has clearly asked for “old money” and therefore overlapping relief.
Contrary to the view of the majority, the Nation’s requests for restitution and disgorgement (money) in the district court overlap with its request for “damages for injuries and losses caused as a result of Defendant’s breaches of fiduciary duty” (money) in the Court of Federal Claims. While it may be true that money damages is a different technical legal theory than equitable restitution or disgorgement, nonetheless the claim for money damages can access the same pot of “old money” that the equitable claims in the district court can access. The Nation can ask for restitution for the errors revealed in an accounting and damages for errors revealed in an accounting. While these remedies have different legal names, they are both the same “old money.” Simply by *1296 invoking the word “damages,” the Nation cannot disclaim its allegations that the government violated its accounting duties. See Dico, 48 F.3d at 1203 (“That the legal theories are different does not mean that the relief is different.”); Johns-Manville, 855 F.2d at 1566 (“In the present case, however, the relief sought from both courts is money, but under different theories.”). Rather, it is clear that the Nation requests money damages to make it whole for harms that it suffered, and a loss of “old money” for breach of accounting duties is one of the harms it repeatedly alleges in the Court of Federal Claims complaint. I am bound by § 1500 and where, as here, overlapping relief is sought, the action in the Court of Federal Claims must be dismissed.[5]
The Nation further reasons that because of the jurisdictional limitations of the two courts, we must construe the complaints so that they do not ask for relief that is jurisdictionally precluded. The Nation asks us to cure its pleading defect by construing the complaints consistent with the court’s jurisdiction which would then avoid overlapping relief. We should decline to do so.[6] Rather, we must again focus on the relief requested, and here, the complaints give no indication whatsoever that the claims are jurisdictionally bounded.
It is the Nation’s responsibility, not ours, to draft two complaints requesting relief with no overlap. See Dico, 48 F.3d at 1204 (“[I]t is the responsibility of the plaintiff to allege, clearly and with specificity, that different claims are involved in its two actions.”). If we are obligated in every case to parse the complaints based not on what the parties requested, but rather what jurisdiction entitled them to, then § 1500 would never apply. Had the Nation articulated its requests in its complaints with the subtlety that it has done on appeal, this might have been a different case. As it stands, I am compelled to conclude that the Nation’s suits were based on substantially the same operative facts and that the two complaints included some overlap in the relief requested. Therefore, I respectfully dissent.

. Because monetary suits in excess of $10,000 must be filed in the Court of Federal Claims, Gonzales & Gonzales Bonds & Insurance Agency, Inc. v. Department of Homeland Security, 490 F.3d 940, 943 (Fed.Cir.2007), but absent special exceptions not applicable here, equitable relief must be obtained from the federal district courts, id., many plaintiffs are required to file two separate suits to obtain all the relief to which they are entitled. Plaintiffs must file their separate complaints with precision to avoid seeking overlapping relief and thereby implicating § 1500. Under principles of sovereign immunity, the government can dictate the permissible circumstances of suits against it. Section 1500 prevents multiple simultaneous litigations against the government. The fact that the statute's scope was reduced by Tecon Engineers, Inc. v. United States, 170 Ct.Cl. 389, 343 F.2d 943, 949 (1965), does not mean that it no longer serves a purpose. Moreover, it is not necessary for a court to justify a particular statute’s purpose in order to give effect to that statute.

. As we commented in Loveladies Harbor, Inc. v. United States 27 F.3d 1545, 1551, n. 17 (Fed.Cir.1994) (en banc):
*1294 Despite its lineage, it can be argued that there is a basic epistemological difficulty with the notion of legally operative facts independent of a legal theory. Insofar as a fact is “operative” — i.e., relevant to a judicially imposed remedy — it is necessarily associated with an underlying legal theory, that is, the cause of action. For example, without legal underpinning, words in a contract are no different from casual correspondence. Because it is unnecessary for our decision in this case, we need not further refine the meaning of “operative facts.”

. I do not understand the majority’s assertion that Loveladies is an “interpretation” of the standard set forth in Keene. Keene held that § 1500 deprives the Court of Federal Claims of jurisdiction when "plaintiff’s other suit was based on substantially the same operative facts ... at least if there was some overlap in the relief requested.” 508 U.S. at 212, 113 S.Ct. 2035. Loveladies held that "the claims in the two courts are for distinctly different and not the sanie or even overlapping relief— this case presents the straightforward issue of plaintiffs who seek distinctly different types of relief in the two courts.” 27 F.3d at 1554. Ultimately, the majority and I both analyze the complaints to see if there is some overlap in the relief requested, and it is on this point that we disagree.

. The government also argues that the Nation's request for damages in the Court of Federal Claims would require an accounting in aid of judgment. According to the government, this accounting would overlap with the general accounting that the Nation requested in the district court. Because I believe that the Nation has requested overlapping monetary relief in the two complaints, I do not express an opinion on whether it requested overlapping equitable relief. Because the majority held that there is no overlapping relief at all between the two complaints, it must have concluded that for the purposes of § 1500, an accounting in aid of judgment for monetary damages arising from a duty to manage funds does not overlap with a general equitable accounting arising from a duty to provide an adequate accounting.

. The Nation argues that the district court complaint seeks only "old money” for breach of accounting duties. While the district court complaint does ask for an equitable accounting and alleges breaches of fiduciary duties related to the "old money,” it also alleges breaches which are related only to "new money.” See, e.g., District Court Complaint at ¶ 20(f) ("failure to use reasonable skill and care to invest and deposit trust funds in such a way as to maximize the productivity of trust property”). The government, however, does not have to establish complete overlap in the relief sought in the two actions. Since the complaint in the Court of Federal Claims asks for money for failure to properly keep account of the revenue and collections ("old money”) and failure to properly manage and invest ("new money”), there is overlap. We need not reach the issue therefore of whether the district court complaint likewise seeks both.

. As an initial matter, the jurisdiction of the district court is irrelevant:
The applicability of Sec. 1500 to the first claim of plaintiff, asserted in its petition herein, is not conditioned upon the question of whether the District Court had jurisdiction of the claim asserted by the plaintiff therein; and it is not necessary to the decision, upon the defendant’s plea to the jurisdiction of this court, for us to discuss the question of whether or not the District Court does or does not have jurisdiction of the counterclaim filed by plaintiff therein.
Frantz Equip. Co. v. United States, 120 Ct.Cl. 312, 98 F.Supp. 579, 580 (1951).