NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SUSAN FLANDER,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1184

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00343-RHH, Senior Judge Robert H. Hodges, Jr.

---

Decided: June 4, 2018

---

SUSAN FLANDER, Garland, TX, pro se.

DOUGLAS T. HOFFMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

PER CURIAM.

Susan Flander appeals from the Court of Federal Claims' dismissal of her complaint for lack of subject matter jurisdiction. We agree that the Court of Federal Claims does not have jurisdiction over discharge of loans. Although the Court of Federal Claims had jurisdiction over Ms. Flander's illegal exaction claim, we find that the facts do not support her claim and therefore the court should have granted the government's summary judgment motion. Accordingly, we affirm in part, and vacate and remand in part.

I

Ms. Flander received ten Stafford loans to attend DeVry Institute of Technology between 1995 and 1999. Appx. 32–34.[1] These loans are in default and held by the Department of Education for collection. Over the course of several years, the Department of Education sent Ms. Flander notices advising her that it intended to collect the debt through the Treasury Offset Program (TOP).[2] Appx. 67–68, 70. The Department of Education began receiving TOP collections from Ms. Flander's tax refunds in 2015.

On March 13, 2017, Ms. Flander filed suit pro se in the Court of Federal Claims, "request[ing] administrative relief of arbitrary collection of tax refunds via offset by the United States Department of Education." Appx. 12. The

---

[1]    Citations to Appx. refer to the Appendix filed with the United States' response brief.

[2]    The Treasury Offset Program allows government agencies to recover delinquent debts by receiving payments from an individual's federal tax refund. *See* 31 U.S.C. § 3720A. The Secretary of the Treasury reduces an individual's tax refunds and uses those funds to pay the debt. *Id.*

United States filed a motion to dismiss for lack of jurisdiction, and a motion for summary judgment. The Court of Federal Claims dismissed Ms. Flander's complaint for lack of jurisdiction and therefore found the motion for summary judgment moot. Ms. Flander appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review de novo a dismissal for lack of jurisdiction. *Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1354 (Fed. Cir. 2016). "The Court of Federal Claims is a court of limited jurisdiction." *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). The Tucker Act confers jurisdiction on the Court of Federal Claims over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not, however, create a cause of action, and "jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004).

## A

We agree that the Court of Federal Claims did not have jurisdiction over plaintiff's claims for discharge of her student loan. Debt cancellation does not constitute monetary damages under the Tucker Act, and thus lies outside the jurisdiction of the Court of Federal Claims. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 945 (Fed. Cir. 2007). "[T]here is a substantive difference between a plaintiff seeking the return of money it already paid the government and a plaintiff never having to pay the government in the first place." *Id.* In the latter scenario, the plaintiff

is not seeking to recover monetary damages from the United States, but simply seeking relief of obligations to pay the government. *Id.* Accordingly, we affirm the Court of Federal Claims' dismissal of Ms. Flander's claims for discharge of her student loans.

B

Ms. Flander also asked the Court of Federal Claims to award her amounts equal to the tax refunds that were applied to her debts to the Department of Education. In construing Ms. Flander's complaint "liberally to maintain jurisdiction of her case," the court noted that Ms. Flander may have an illegal exaction claim. Appx. 3. Nevertheless, the court ultimately concluded that it lacked jurisdiction over Ms. Flander's complaint, despite having construed it as an illegal exaction claim. We find that the trial court erred in dismissing the claim. We conclude, however, that there is no genuine issue as to any material fact pertaining to Ms. Flander's illegal exaction claim. Thus, the trial court should have granted the government's motion for summary judgment.

An illegal exaction "involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (internal quotation marks and citation omitted). "To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted." *Id.* (internal quotation marks and citation omitted). In the context of the Treasury Offset Program, "an illegal exaction would arise if there was no legally enforceable debt." *Kipple v. United States*, 102 Fed. Cl. 773, 777 (2012).

We construe Ms. Flander's complaint to include allegations that the TOP payments were used to cover educational loans that were discharged in bankruptcy. *See* Appellant's Op. Br. 6. Because Ms. Flander alleges the debts were discharged, any offsets from her tax refunds would constitute an exaction on a debt that is no longer legally enforceable. Therefore, Ms. Flander has successfully pled a claim for illegal exaction. As a result, the Court of Federal Claims erred in holding that it lacked jurisdiction over Ms. Flander's complaint.

The government argues that even if the Court of Federal Claims had jurisdiction over Ms. Flander's illegal exaction claim, we should affirm because the trial court made sufficient findings to grant the government's motion for summary judgment. "A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." *McKay v. United States*, 199 F.3d 1376, 1380 (Fed. Cir. 1999).

Ms. Flander alleges that her student loans were discharged or paid in a 2002 bankruptcy. But, as the trial court found, the undisputed evidence on record indicates that the bankruptcy was dismissed prior to confirmation and her creditors were not paid. Appx. 2–3; Appx. 117–21. Ms. Flander does not provide any evidence that her bankruptcy plan was confirmed and her debt was discharged. Because Ms. Flander has failed to raise any genuine issue as to whether her student loan debt was discharged, the trial court should have granted the government's summary judgment motion.

On appeal, Ms. Flander also alleges that TOP payments were used to offset debt to Child Support Services, even though she does not have any dependents. Appellant's Op. Br. 9. In support, she cites a notice she received from IRS.gov, which states:

> Your refund has been applied to a past due obligation *such as* child support, another federal agency debt, or state income tax.

Appendix to Appellant's Reply Br. 98 (emphasis added). This notice does not state that her tax refunds were applied to child support, but instead simply lists *categories* of possible past due obligations without explaining which apply to her situation. Here, the record makes clear that all of Ms. Flander's tax refund offsets were applied to the Department of Education debt. *See* Appx. 108. Ms. Flander does not provide any other evidence to indicate that her tax refunds are being applied to a child support debt. Accordingly, Ms. Flander cannot sustain an illegal exaction claim on these facts.[3]

## III

For these reasons, we affirm the Court of Federal Claims' dismissal of Ms. Flander's claim for discharge of her student loans. We vacate the Court of Federal Claims' dismissal of Ms. Flander's illegal exaction claim, and we instead remand for entry of summary judgment in favor of the government on that claim.

**AFFIRMED-IN-PART AND
VACATED-AND-REMANDED-IN-PART**

No costs.

---

[3]   For these reasons, we deny Ms. Flander's motion at Docket. No. 37, requesting this court to "acknowledge Federal Tax Refund Fraud."