NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATHANIEL ERSKINE ROLLE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1592

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01163-SGB, Senior Judge Susan G. Braden.

---

Decided: November 13, 2018

---

NATHANIEL ERSKINE ROLLE, Folkston, GA, pro se.

GEOFFREY MARTIN LONG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

---

Before PROST, *Chief Judge,* CLEVENGER and MOORE, *Circuit Judges.*

PER CURIAM.

Nathaniel Rolle filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 with the United States Court of Federal Claims, challenging his criminal conviction in the Southern District of Florida and seeking his immediate release. The Court of Federal Claims dismissed for lack of subject matter jurisdiction, concluding that it does not have the authority to hear the case. We affirm.

The Court of Federal Claims can only decide cases it has been given statutory authority to hear. *See Terran ex rel. Terran v. Sec'y of Health & Human Servs.,* 195 F.3d 1302, 1309 (Fed. Cir. 1999). It has not been given authority to hear cases arising under the habeas statute. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002). Section 2241(a) states that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241. While Mr. Rolle argues that the Court of Federal Claims has jurisdiction because it falls under the scope of a "district court," that is inconsistent with our decision in *Ledford* and with the language of the statute. *See* 297 F.3d at 1381. Title 28 defines the term "district court" as the courts constituted by chapter 5 of title 28. 28 U.S.C. § 451. The Court of Federal Claims is constituted by chapter 7 of title 28, not chapter 5. *See* 28 U.S.C. § 171. It is, therefore, not a "district court" and may not grant writs of habeas corpus.

Before the Court of Federal Claims, Mr. Rolle also cited 28 U.S.C. § 1495, which gives the Court of Federal Claims "jurisdiction to render judgment upon any claim for *damages* by any person unjustly convicted of an offense against the United States and imprisoned." (em-

phasis added). The term "damages" refers to "[m]oney claimed by, or ordered to be paid to, a person as compensation for loss or injury." DAMAGES, Black's Law Dictionary (10th ed. 2014). Mr. Rolle's petition does not make a claim for damages. Instead, it seeks his release from confinement. Section 1495, therefore, does not give the Court of Federal Claims authority to hear Mr. Rolle's case.

Mr. Rolle also argues the United States has breached a contractual agreement it made with the Commonwealth of the Bahamas concerning cooperation in maritime law enforcement. The Court of Federal Claims has "jurisdiction to render judgment upon any claim against the United States . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Breach of the maritime agreement does not give the Court of Federal Claims jurisdiction in this case. *See Roberts v. United States*, No. 2018-1621, 2018 WL 4178223, at *1 (Fed. Cir. Apr. 23, 2018) (affirming dismissal for lack of jurisdiction where a breach of the maritime agreement was alleged); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) ("The contract liability which is enforceable under the Tucker Act consent to suit does not extend to every agreement, understanding, or compact which can semantically be stated in terms of offer and acceptance or meeting of minds."); *cf. De Archibold v. United States*, 499 F.3d 1310, 1315 (Fed. Cir. 2007) ("[I]n the absence of clear and unequivocal language to the contrary, treaties and international executive agreements between sovereign nations . . . are not within the waiver of sovereign immunity for claims of breach of an 'express contract' contained in the Little Tucker Act."); 28 U.S.C. § 1502 ("Except as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations."). Moreover, Mr. Rolle's petition does not seek monetary

relief, and thus the Tucker Act does not provide the Court of Federal Claims jurisdiction. *Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. Dep't of Homeland Sec.*, 490 F.3d 940, 943 (Fed. Cir. 2007).

We have considered Mr. Rolle's remaining arguments and find them unpersuasive. The Court of Federal Claims properly found that it does not have jurisdiction.

CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is *affirmed*.

**AFFIRMED**

COSTS

No costs.