NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YANKTON SIOUX TRIBE,**
*Plaintiff-Appellant,*

v.

**UNITED STATES**
*Defendant-Appellee.*

---

2009-5027

---

Appeal from the United States Court of Federal Claims in 05-CV-1291, Judge Lawrence J. Block.

---

## ON MOTION

---

Before LOURIE, MOORE, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## ORDER

The United States responds to this court's February 26, 2010 order and moves to summarily affirm the judgment of the United States Court of Federal Claims dismissing appellant Yankton Sioux Tribe's complaint as barred by the rule that it lacked jurisdiction over an

action "for or in respect to" a claim that is also the subject of an action pending in another court. 28 U.S.C. § 1500. The appellant has not responded.

The United States holds certain Yankton Reservation land and natural resources in trust, which is managed and controlled for the tribe's benefit. On July 28, 2003, the appellant filed a complaint in the United States District Court for the District of Columbia alleging that the federal government failed to properly manage and account for the trust's property and funds. That complaint sought a declaration that the government had not provided a full and complete accounting of the trust fund, an injunction requiring the government to provide such accounting, attorneys' fees and costs, and other relief as may be just and equitable.

On December 14, 2005, while the district court case remained pending, the appellant filed this complaint at the Court of Federal Claims, alleging that the defendant breached its fiduciary and statutory duty by mismanaging the land and natural resources held in trust and the income derived from such assets. The complaint sought compensatory damages, interest costs, attorneys' fees, and other further relief as deemed proper by the court.

After reaching the conclusion that the facts alleged in the complaints filed were very similar and in many respects "nearly identical," the Court of Federal Claims held that the Tribe's suit was barred pursuant to 28 U.S.C. § 1500. That statute provides: "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." The Tribe appealed to this court. The appeal was stayed based on the consent of both parties, pending the United States Supreme Court's disposition in

*United States v. Tohono O'odham Nation*, 131 S. Ct. 1723 (2011).

The United States now moves to summarily affirm the Court of Federal Claims' decision dismissing the appellant's complaint for lack of jurisdiction. Summary affirmance "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Summary affirmance is warranted here. In *Tohono O'odham Nation*, the Supreme Court held that the Court of Federal Claims lacks jurisdiction if a suit based on substantially the same operative facts is pending in a district court regardless of whether the complaints seek overlapping relief. Here, as in *Tohono O'odham Nation*, the Court of Federal Claims held that the complaints share the same operative factual basis, and thus the complaint in this case must be dismissed as barred by § 1500.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion to summarily affirm is granted.

(2)  Each side shall bear its own costs.

FOR THE COURT

SEP 0 2 2011
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

SEP 0 2 2011

JAN HORBALY
CLERK

cc: Stuart S. Mermelstein, Esq.
    Aaron P. Avila, Esq.

s20